UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dallas Buyers Club, LLC,

    Plaintiff,                                       Case No. 14-11653

v.                                                 Honorable Sean F. Cox

Does 1-14,

    Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO SERVE THIRD-PARTY SUBPOENAS**

On April 25, 2014, Plaintiff Dallas Buyers Club, LLC filed this copyright infringement action against unknown individuals ("Defendants") alleging that the individuals downloaded or shared Dallas Buyers Club LLC's copyrighted work through an online, file-sharing network.

The matter is currently before the Court on Dallas Buyers Club's May 8, 2014 Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference.  (Doc. #3).

Dallas Buyers Club, LLC is the owner of the copyright to the movie entitled, "Dallas Buyers Club" ("Movie").  (Compl. ¶ 9).  Specifically, Dallas Buyers Club, LLC alleges that "each Defendant, without the permission or consent of Plaintiff, has used, and continues to use, an online media distribution system to reproduce and distribute to the public, including by making available for distribution to others," Plaintiff's copyrighted Movie. (Compl. ¶ 14).  Dallas Buyers Club, LLC hired Crystal Bay Corporation CBC ("CBC"), a third-party forensic investigator, to identify the IP addresses used by the unidentified Defendants to conduct the infringing activity.

In its motion, Dallas Buyers Club, LLC requests leave to serve discovery requests upon several Internet Service Providers ("ISPs") in order to identify the individual Defendants associated with each IP address used to conduct the alleged infringing activity.

Pursuant to Fed. R. Civ. P. 26(d)(1), "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."  The Court, however "may order discovery of any matter relevant to the subject matter involved in the action" if good cause is shown.  FED. R. CIV. P. 26(b)(1).

In its Complaint, Dallas Buyers Club, LLC has alleged a prima facie case of copyright infringement and it is clear that Defendants must be identified before this action can move forward. The Court finds that good cause exists for Dallas Buyers Club, LLC to serve third-party subpoenas on the ISPs identified in Exhibit B to Plaintiff's Complaint (Doc. #1).

Accordingly, **IT IS HEREBY ORDERED** that Dallas Buyers Club, LLC's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (Doc. #3) **IS GRANTED**.

Dallas Buyers Club, LLC may immediately serve each of the ISPs with a Rule 45 subpoena that seeks to obtain the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the Defendant to whom the ISP assigned an IP address.  Dallas Buyers Club, LLC shall attach a copy of this Order to each subpoena that it issues.

Disclosure of the information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B), which authorizes cable operators to disclose identifying information of a subscriber when the cable operators are ordered to do so by the Court.

**IT IS FURTHER ORDERED** that Dallas Buyers Club, LLC may only use the information

disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Dallas Buyers Club, LLC's rights as set forth in its Complaint.

**IT IS FURTHER ORDERED** that in the event an ISP is served with a subpoena, the ISP shall give written notice, which may include e-mail notice, to the subscribers in question within 10 business days of the service of the subpoena. The ISP shall also include a copy of this Order with its written notice. If any of the ISPs and/or Defendants move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 30 days from the date of service. The ISPs shall preserve any subpoenaed information pending the resolution of a timely filed motion to quash.

**IT IS SO ORDERED.**

                                                S/Sean F. Cox
                                                Sean F. Cox
                                                United States District Judge

Dated: July 9, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 9, 2014, by electronic and/or ordinary mail.

                                                S/Jennifer McCoy
                                                Case Manager